## FRANK CLARK v. THE STATE.

### No. 3118. Decided October 18, 1905.

**Embezzlement—Felony—Misdemeanor—Value of Property.**

On a trial for embezzlement of property valued at $137.50 where the evidence showed that defendant sold said property and was found in possession of $85 of the proceeds, and that he was employed to sell such property and account to the owner for the proceeds, but that he converted the same after such sale, the conviction for a felony was sustained and no question of misdemeanor involved.

Appeal from the District Court of Gregg. Tried below before Hon. Richard B. Levi.

Appeal from a conviction of embezzlement; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*F. B. Martin,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of embezzlement, and his punishment assessed at four years confinement in the penitentiary; hence this appeal.

Appellant contends that he could not have been convicted of more than a misdemeanor embezzlement, inasmuch as there were no sales on any one day of as much as $50 of goods. We do not regard the

daily sales as material, inasmuch as he was not to account each day for the sales made, but was to make a final accounting of all the goods sold to his employer when he returned to Longview, his employment being to take a wagon load of goods, $137 in value, from Longview to Kilgore, and there sell them out, and when he had done so to account to his employer for the proceeds. Instead of doing this he sold the goods out, left the wagon and mules in the streets of Kilgore, and absconded, and was subsequently caught in Louisiana. According to his own confession he had as much as $85 in money. And he embezzled at least this amount. There is no evidence of any conversion until he had disposed of all the goods. The court instructed the jury with reference to a misdemeanor, and the jury determined this matter against appellant, and the evidence sustains their finding. The judgment is affirmed.

*Affirmed.*